IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAKEEM WATSON, | § | |
| | § | No. 157, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1702010799 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 6, 2018
Decided: October 25, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

Having considered the no-merit brief and motion to withdraw filed by the appellant's trial counsel under Supreme Court Rule 26(c), the appellant's written points, the State's response, and the Superior Court record, it appears to the Court that:

(1)     This is Hakeem Watson's direct appeal from his conviction and sentencing. At the conclusion of a non-jury trial, the Superior Court found Watson guilty of Possession of a Firearm by a Person Prohibited, Possession of Ammunition by a Person Prohibited, Carrying a Concealed Deadly Weapon, Assault Second Degree, Resisting Arrest, Criminal Impersonation, and Possession of Drug Paraphernalia. Watson was found not guilty of Drug Dealing and Possession of a

Firearm During the Commission of a Felony. On March 9, 2018, the Superior Court sentenced Watson, effective February 16, 2017, to a lengthy period of incarceration—thirty-two years total—but suspended all but five years, followed by six months at Level IV and concurrent probation at Levels III and I.

(2) Watson's criminal prosecution arose from events occurring at 905 North Lombard Street, a private residence in Wilmington, when Operation Safe Streets police and probation officers arrived at the residence to check on the status of a Level IV probationer, Khalil Ameer-Bey, who was on home confinement there. Watson and several other people were in the house, on the first floor, when the officers arrived. Watson answered the door.

(3) Upon entering the house, the officers noticed a strong odor of marijuana. Therefore, while one officer went upstairs to look for the probationer and another officer checked the rest of the house and the basement, Detective Rosaio remained on the first floor of the house with Watson and the other people and began "collecting names."[1]

(4) Watson gave Detective Rosaio the name "Jeremiah Watson." Not surprisingly, when Detective Rosaio ran the name "Jeremiah Watson" through the

---

[1] Trial Tr. at 49 (Nov. 7, 2017). Detective Rosaio testified that "collecting names" is "a common practice" and that, even though the individuals in the house were not being arrested, "because of the odor of marijuana," he was "anticipating what is known as an administrative search of the residence where subjects would need to be identified and the investigation in the odor of marijuana would continue."

2

DELJIS[2] database on his mobile device, he found that the photograph associated with that name did not resemble Watson. When confronted by Detective Rosaio, Watson explained that he thought the Detective had asked for the name of Watson's brother. At that, Detective Rosaio told Watson that he was placing him under arrest for criminal impersonation. During a search incident to the arrest, Detective Rosaio discovered a gun tucked into the front waistband of Watson's pants and fourteen Alprazolam pills wrapped in paper and tucked into a small coin pocket.[3]

(5) In his first claim on appeal, Watson contends that the officers violated his right to be free from unreasonable searches and seizures when they prevented him from leaving the North Lombard Street residence and when Detective Rosaio asked him for his name. According to Watson, because he was on his way out of the residence when the officers arrived and had done nothing to arouse their suspicions, the officers had no right to keep him from leaving or to ask him any questions. In his second claim on appeal, Watson contends that his trial counsel's failure to file a motion to suppress the gun and drug evidence seized by Detective Rosaio constituted ineffective assistance of counsel.

---

[2] DELJIS is an acronym for the Delaware Criminal Justice Information System.
[3] Alprazolam is a controlled substance equivalent to Xanax.

(6)     Because Watson did not raise his first claim in the Superior Court, we review the claim for plain error.[4] Watson's first claim is not supported by the record and is otherwise without merit. Detective Rosaio testified that the officers "didn't tell [Watson and the others] in the beginning that they had to stay."[5] In view of the Detective's testimony describing the odor of marijuana when he entered the residence, we cannot conclude that Detective Rosaio exceeded his authority when he asked Watson and the other people for their names.[6]

(7)     As for Watson's ineffective counsel claim, we decline to consider the claim in this appeal. As a general rule, we will not consider a claim of ineffective assistance of counsel on direct appeal when, as in Watson's case, the claim was not raised in the Superior Court in the first instance.[7] Typically, an ineffective counsel claim is pursued through a motion for postconviction relief under Superior Court Criminal Rule 61 and is adjudicated on the basis of the record developed during the postconviction proceeding.[8]

---

[4] Plain error review "is limited to material defects which are apparent on the face of the record, which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice." *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[5] Trial Tr. at 64 (Nov. 7, 2017).

[6] *Cf. Fowler v. State*, 2016 WL 5853434, at **1 (Del. Sept. 29, 2016) (holding that the Superior Court did not err when finding that the smell of marijuana constituted probable cause).

[7] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

[8] *Id.*

4

(8)     Finally, the record reflects an error in the date of the Superior Court's sentence order.  The error should be corrected.  Watson was sentenced on March 9, 2018, not January 26, 2018, as reflected in the sentence order.  Therefore, we will remand this matter to the Superior Court for the limited purpose of issuing a corrected sentence order.

(9)     When considering a Rule 26(c) brief and an accompanying motion to withdraw, we must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal.[9]  Also, we must conduct our own review of the record to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[10]  In this case, having carefully reviewed the record, we conclude that Watson's appeal from his criminal convictions is "wholly without merit" and devoid of any issue appropriate for review on direct appeal.[11]  Also, we are satisfied that Watson's trial counsel made a conscientious effort to examine the record and the law and properly determined that Watson could not raise a meritorious claim on appeal.

---

[9] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[10] *Penson v. Ohio*, 488 U.S. at 82.
[11] Del. Sup. Ct. R. 26(c).

NOW, THEREFORE, IT IS ORDERED that this matter is REMANDED to the Superior Court to issue a corrected sentence order.[12]  In all other aspects, the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[12] Jurisdiction is not retained.